## INDUSTRIAL COMMISSION v MILLER

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

J. W. Pricer, R. R. Zurmehly, Columbus, and J. H. Leighninger, Youngstown, for plaintiff in error.

John Willo, Youngstown, for defendant in error.

## OPINION

By SMITH, J.

Six separate assignments of error are set forth in the petition in error. The principal errors, however, urged in the brief and in the argument of counsel for defendant are that the court erred in refusing to direct a verdict in favor of the defendant and in refusing to give special charges before argument as requested by the defendant, and in giving special charges before argument as requested by the plaintiff.

The record shows that plaintiff was a native of Jugoslavia. She was first married to one Valent Pubek, who came to this country, and who, she later learned, had been killed in this country. Shortly thereafter she started to live with George Miller on a farm in Jugoslavia. There is no evidence that there was any common law marriage entered into at that time. The record does not show whether a common law marriage in Jugoslavia can be consummated into a valid marriage. Therefore, we will spend no time on the question as to whether or not the relationship of the parties while living in Jugoslavia amounted to a common law marriage.

It is claimed by the plaintiff that after Miller came to this country and got established, he sent for the plaintiff and that she came here and lived with him as his wife for a period of twenty-five years; that

two children were born to them during this period.

It is earnestly urged by counsel for defendant that in order to establish the relationship of husband and wife under a common law marriage, it must have been a valid marriage in its inception in Jugoslavia. No cases, however, have been cited by counsel for the defendant in support of his contention. After an examination of the cases cited and other cases, this court has come to the conclusion that regardless of whether there was a valid common law marriage in Jugoslavia, and regardless of the fact that the relationship in that country may have been illicit, that would not preclude Miller and this plaintiff from consummating a valid common law marriage under the laws of Ohio after she came to this country to live with Miller.

In our opinion, the only question to decide in this case is as to whether or not the relationship and arrangement made between this plaintiff and George Miller after she came to this country to live amounted to a valid common law marriage We have made a careful examination of the testimony in this case on that question and have come to the conclusion that the relationship, declarations and treatment of Miller and the plaintiff by and to each other brings them within the rule laid down by the decisions of the State of Ohio and that there existed a valid common law marriage between the parties.

The action of the Industrial Commission in making an allowance in this case of one-half of the amount of the death benefit to a daughter born of this relationship seems inconsistent with the action taken in regard to this plaintiff. The Commission, in order to make the allowance to the daughter, would be required to find that she was legitimate and born in lawful wedlock or legally adopted. The case of **Staker, Guardian v Industrial Commission of Ohio, 127 Oh St, 13,** is in point. The syllabus in that case is as follows:

"1. An illegitimate, posthumous child, unacknowledged by its putative father, is not a dependent child, within the purview of §1465-82, GC.

2. The word 'child', used in that section, is to be construed in its usual and ordinary sense, and applies to legitimate children and to children legally adopted prior to the employee's injury."

The record shows that two children were born as a result of this cohabitation, both of whom were christened in the Catholic Church as the children of plaintiff and the decedent. They lived together as man and wife for many years subsequent thereto. We believe that the declarations made at the time of the christening of these children would be sufficient to establish the common law marriage relationship, even if the declaration, as shown by the record, at the beginning of this relationship in Ohio were found not to be sufficient.

In the case of **Dirion v Brewer, Admr., et, 20 Oh Ap 298, (4 Abs 534),** the syllabus is as follows:

"1. To constitute a common law marriage there must have been an agreement to marry, carried out by living together and cohabiting together as man and wife under and by virtue of that agreement.

2. Relationship, having been established as illicit, is presumed to remain that way so long as cohabitation remains, and those who claim that another relation was established must show that some time thereafter it was changed either by a statutory marriage or by a common law marriage under state laws.

3. Common law marriage is recognized as valid in this state.

4. Law favors legitimacy, and will indulge in all presumptions to carry out that presumption, and make child legitimate.

5. Men are presumed to be innocent, and not to commit crime.

6. In proceedings to establish plaintiff's legitimacy for purposes of inheritance, statement of plaintiff's deceased mother that plaintiff was legitimate held admissible.

7. If parties agreed to live together as husband and wife, and followed that by present cohabitation, irrespective of illicit relation which may have been starting of their relationship, it would constitute a common law marriage.

8. Evidence held to show that parties were married prior to plaintiff's birth and that she was legitimate, in view of Rev. St., 1886, §5698 [Act March 11, 1853; (51 Ohio Laws, p. 379) §6], now §11989, GC."

The case of **Jenkins v Jenkins, 30 Oh Ap 336, (6 Abs 596),** the syllabus is as follows:

"Where married man and married woman, before either had secured divorce, cohabited together as husband and wife, and continued to do so for period of more than 30 years, and after impediments to their marriage had been removed by divorce or death, pursuant to agreement in

the present tense to become husband and wife, a common law marriage existed between them, entitling widow to dower in husband's property."

On authority of above cases we find that even though the relationship between the plaintiff and decedent in Jugoslavia was illicit, such relations would not prevent the consummation of a common law marriage in Ohio after she had come to this country at his request. We also find that a valid common law marriage existed under the evidence adduced in this case.

Having reached these conclusions, it is the opinion of this court that this case ought to be and is hereby affirmed.

Judgment affirmed.

ROBERTS and LYNCH, JJ, concur.